UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                                       Case No:    2:19-cv-919-FtM-38NPM

BRE/SEASIDE INN OWNER L.L.C.,

    Defendant.

## ORDER

This matter is before the Court on the Motion for Entry of Default filed on February 17, 2020. (Doc. 9). Plaintiff Patricia Kennedy requests that the Clerk enter a default against Defendant BRE/Seaside Inn Owner, L.L.C. (*Id.*). No response was filed to the motion and the response time has lapsed.

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Prior to directing the Clerk of Court to enter a default, however, the Court must first determine whether Plaintiffs properly effected service of process. *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). In this motion, Plaintiffs have the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014). Rule 4(l) provides that "unless service is waived, proof of service must be made to the court."

In the motion, Plaintiff claims she served Defendant by serving Carol Gilmore, Registered Agent, on January 16, 2020. In the Return of Service, however, the process server indicates that he served Christina Brown. (Doc. 9 at 1; Doc. 7 at 1).

Service on an unincorporated entity can be made by any manner prescribed in Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1). Likewise, under state law, a limited liability company may be served through its registered agent. Fla. Stat. § 48.062(1). And § 48.062(1) also provides that a person attempting service may serve process on any employee of the registered agent on the first attempt at service. *Id.*

Here, the Court does not have sufficient information to determine whether service of process was properly effected on Defendant. The process server did not serve the registered agent, Carol Gilmore, and did not indicate whether Christina Brown is an employee of Ms. Gilmore. (Doc. 9 at 1; Doc. 7 at 1). For these reasons, the Court finds the information provided is insufficient to grant a Clerk's default against Defendant. The motion is denied without prejudice for Plaintiff to show by affidavit or otherwise that Christina Brown is an employee of the registered agent and to cite legal authority that service was proper.

Accordingly, it is hereby **ORDERED**:

The Motion for Entry of Default (Doc. 9) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties