UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY,

    Plaintiff,

v.                                                    Case No:   2:19-cv-919-FtM-38NPM

BRE/SEASIDE INN OWNER L.L.C.,

    Defendant.

**ORDER**

This matter is before the Court on the Renewed Motion for Entry of Default, filed on April 23, 2020. Plaintiff Patricia Kennedy requests the Court direct the Clerk to enter a default against Defendant Bre/Seaside Inn Owner L.L.C. (*Id*). Defendant failed to respond and the time to respond has lapsed.

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Prior to directing the Clerk of Court to enter a default, however, the Court must first determine whether Plaintiffs properly effected service of process. *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-CV-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Plaintiff has the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014). Rule 4(l) provides, "unless service is waived, proof of service must be made to the court. "

Service on an unincorporated entity can be made by any manner prescribed in Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1). Likewise, under state law, a limited liability company may be served through its registered agent. Fla. Stat. § 48.062(1). And § 48.062(1) also provides that a person attempting service may serve process on any employee of the registered agent on the first attempt at service. *Id.*

In the motion, Plaintiff asserts she effectively served process on Defendant by serving an employee of the registered agent. (Doc. 15). The Amended Return of Service (Doc. 14) confirms the process server served Christina Brown as an employee of the Registered Agent. It appears service of process was effective. And Bre/Seaside Inn Owner, L.L.C. has not answered or otherwise defended this action.

On April 3, 2020, the Court entered an Order to Show Cause why this case should not be dismissed for failure to file a motion for clerk's default. By filing the above motion, Plaintiff satisfied the Order to Show Cause and the Court will discharge it.

Accordingly, it is hereby **ORDERED**:

(1) The Renewed Motion for Entry of Default (Doc. 15) is **GRANTED** and the Clerk of Court is directed to enter a Clerk's default against Bre/Seaside Inn Owner, L.L.C.

(2) The Order to Show Cause (Doc. 13) is discharged.

**DONE** and **ORDERED** in Fort Myers, Florida on May 11, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties